1  NELSON E. ROTH, SBN 67350
       ner3@cornell.edu
2  CORNELL UNIVERSITY
   300 CCC Building
3  Garden Avenue
   Ithaca, New York 14853-2601
4  Telephone:   (607)255-5124
   Facsimile:   (607)255-2794
5
   BERT H. DEIXLER, SBN 70614
6       bdeixler@proskauer.com
   CHARLES S. SIMS, New York Attorney Registration No. 1535640
7       admitted *pro hac vice*
        csims@proskauer.com
8  CLIFFORD S. DAVIDSON, SBN 246119
        cdavidson@proskauer.com
9  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
10 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
11 Facsimile:   (310) 557-2193

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VANGINDEREN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORNELL UNIVERSITY,<br><br>　　　　Defendant. | Case No. 07-CV-2045-BTM-JMA<br><br>Hon. Barry T. Moskowitz<br><br>DECLARATION OF NELSON E. ROTH IN SUPPORT OF CORNELL'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO SECTION 425.16 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE<br><br>[Per chambers, no oral argument unless requested by the Court]<br><br>Hearing Date: December 21, 2007<br>Time:         11:00 a.m.<br>Place:        Courtroom 15<br><br>Action Filed: October 1, 2007 |

DECLARATION OF NELSON E. ROTH IN SUPPORT OF SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

# DECLARATION OF NELSON E. ROTH

I, Nelson E. Roth, declare as follows:

1. I am an attorney admitted to practice in California and the United States District Court for the Southern District of California, as well as before the courts of the State of New York, among others, and I serve as Deputy University Counsel at Cornell University. I am also thoroughly familiar with New York criminal law and procedure, having taught criminal law at the Cornell Law School for approximately 10 years and having served as a New York State Special Prosecutor and Deputy Attorney General from 1993 to 1997. Except as otherwise noted, I have personal knowledge of the facts set forth herein.

2. I submit this Declaration in reply to Plaintiff's opposition papers and in further support of the Defendant's Request for Judicial Notice in Support of Special Motion to Strike ("Request for Judicial Notice"). If called as a witness, I could and would testify competently to the following.

3. With respect to criminal charges brought against Plaintiff in the City Court of the City of Ithaca, New York, in 1983, Plaintiff states at paragraph 6 of his November 20, 2007 affidavit that "the entire record was sealed" in 1985. This is erroneous. While my September 19, 2007 e-mail to Plaintiff, attached as Exhibit 5 to Plaintiff's opposition papers, did indicate my belief that Plaintiff's criminal records were sealed, I subsequently learned from the Ithaca City Court that records of the proceedings before the Ithaca City Court relating to Plaintiff were, in fact, never sealed. My prior belief that the records were sealed was based on the fact that the records of the Cornell University Police were marked sealed. Only after Plaintiff refused to consent to unseal his criminal records and Cornell was required to submit an application to Ithaca City Court seeking to unseal the records did I learn that there were proceedings involving Plaintiff in two courts, that the proceedings in Ithaca City Court were not sealed, and that the proceedings before a Tompkins County Grand Jury and the Tompkins County Court, including the

1

DECLARATION OF NELSON E. ROTH IN SUPPORT OF SUPPLEMENTAL
REQUEST FOR JUDICIAL NOTICE

1 investigative file of the Cornell University Police and the prosecution file of the
2 Tompkins County District Attorney, were sealed pursuant to a Seal Order entered by
3 the Tompkins County Court on March 5, 1985.

4. Cornell University obtained the records of the Ithaca City Court (previously filed as Exhibit A to the Request for Judicial Notice) directly from the Ithaca City Court on October 16, 2007 after that court determined that its records were not sealed.

5. Contemporaneously with the filing of this Declaration, Cornell University is filing a Supplemental Request for Judicial Notice with pertinent documents unsealed pursuant to a November 16, 2007 order of the Tompkins County Court granting Cornell's application to unseal records. A true and correct copy of that unsealing order is attached to the Supplemental Request for Judicial Notice as Exhibit E.

6. True and correct copies of pertinent records unsealed on November 16, 2007 are attached collectively to the Request for Judicial Notice as Exhibit F.

7. The now-unsealed records, and those previously filed by Cornell in this matter, reflect the following chronology of events:

> March 5, 1983 – While investigating reported thefts in Fernow Hall on the Cornell University campus, Cornell Police obtained the student identification number of a student who sold some of the stolen books to a local bookstore, matched that student identification number to a Cornell student named Kevin Vanginderen, and verified identification with a book store clerk using a photo array. Supp. Req. Jud. Not., Ex. F, pp. 5-24.
>
> March 8, 1983 – Plaintiff confessed under oath to multiple burglaries and larcenies that spanned a period of approximately one year prior to Plaintiff's arrest. Multiple items of stolen property were recovered from Plaintiff's residence. Plaintiff was charged the same date in Ithaca City Court with Burglary 3rd Degree, a felony. Supp. Req. Jud. Not., Ex. F, pp. 25-26 & 29-36.

2
DECLARATION OF NELSON E. ROTH IN SUPPORT OF SUPPLEMENTAL
REQUEST FOR JUDICIAL NOTICE

June 7, 1983 – Tompkins County Grand Jury indicted Plaintiff for two counts of Burglary in the 2nd Degree. Supp. Req. Jud. Not., Ex. F, p. 69.

August 1, 1983 – Tompkins County Court dismissed indictment "as defective" and gave The People permission to refile. Apparently the indictment mistakenly charged Burglary in the 2nd Degree instead of the proper charge of Burglary in the 3rd Degree. *See* Supp. Req. Jud. Not., Ex. F, pp. 90 & 92-93.

August 16, 1983 – Plaintiff's attorney confirmed a negotiated plea whereby the District Attorney agreed not to refile felony charge and to accept a plea to petit larceny in full satisfaction of any charges relative to the thefts at Cornell University. The People consented to a sentence of a one-year conditional discharge. As part of the disposition, Plaintiff returned all stolen property still in his possession. Req. Jud. Not., Ex. A, p.6.

August 17, 1983 – An Accusatory Instrument was signed charging Plaintiff with Petit Larceny, a Class A Misdemeanor. Req. Jud. Not., Ex. A, p. 7.

August 22, 1983 – The record of disposition in the Ithaca City Court reflects that Plaintiff pled guilty to the charge in satisfaction of the charge of Burglary 3rd Degree. Req. Jud. Not., Ex. A, p. 8.

March 5, 1985 – Tompkins County Court issued an order sealing records of the Cornell Police, the District Attorney, the New York State Division of Criminal Justice Services, the Tompkins County Sheriff, and the FBI <u>relating to the June 7, 1983 indictment charging Burglary in the 2nd Degree</u> (Tompkins County Indictment No. 83-46). The order did not seal the records of the Ithaca City Court regarding the proceedings that occurred in that court (including the original charge of Burglary in the 3rd Degree) and the cover letter from the Office of Supreme and County Court Clerks that accompanied the seal order explicitly crossed out the reference to the Ithaca City Court from the list of addressees. Supp. Req. Jud. Not., Ex. F, pp. 94-95.

October 16, 2007 – Ithaca City Court released copies of the records of the proceedings before that court to Cornell University. Those records

were never sealed. Req. Jud. Not., Ex. A; Decl. of Valerie Cross Dorn ¶ 5.

November 16, 2007 – The Tompkins County Court ordered the unsealing of the records of the Cornell University Police and the Tompkins County District Attorney pertaining to the proceedings held in that court. Supp. Req. Jud. Not., Ex. E, pp. 3-4.

8. Thus the records show that, because the felony charges brought in Tompkins County Court were dismissed, the records from that court were sealed. However, the seal order did not purport to seal the records of the proceedings held in the Ithaca City Court, either those before Plaintiff's indictment on felony charges, or those relating to his subsequent negotiated guilty plea to a Class A Misdemeanor. They further show that Plaintiff stands convicted in the State of New York of the crime of petit larceny based upon the plea of guilty he entered to satisfy the charge of Burglary in the 3rd Degree. The records reflecting the original charge of Burglary in the 3rd Degree and his conviction of petit larceny are public records and, on information and belief, have never been sealed.

I declare under penalty of perjury under the laws of the State of New York, California, and the United States of America that the foregoing is true and correct and that this declaration was executed this 12th day of December, 2007, at Ithaca, New York.

Nelson E. Roth