# TABLE OF CONTENTS OF EXHIBITS
### (Local Civil Rule 5.1(e))

**EXHIBIT A**

Plaintiff's Response to Order to Show Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1  Kevin Vanginderen, Plaintiff Pro Per
   637 Third Ave., Suite E1
2  Chula Vista, CA  91910
   Telephone: (619) 585-7414
3
   COUNTY COURT OF THE STATE OF NEW YORK
4  TOMPKINS COUNTY

5  _____

6
   IN THE MATTER OF THE APPLICATION
7  OF CORNELL UNIVERSITY TO UNSEAL
   RECORDS FROM THE PROCEEDING
8  CAPTIONED:                                                    **RESPONSE TO ORDER**
                                                                 **TO SHOW CAUSE**
9  PEOPLE OF THE STATE OF NEW YORK
                vs.                                              2007 MISCER 667
10 KEVIN VANGINDEREN,

11              Defendant.

12 _____

13        The Petitioner, Cornell University, has precluded itself from receiving an Order from this

14 Court to Unseal Record because discovery is stayed in this matter under California law. The

15 Petitioner has removed the underlying litigation in this matter to the United States District Court,

16 Southern District of California, it then filed a Special Motion To Strike Plaintiff's Complaint

17 Pursuant to Section 425.16 of The California Code of Civil Procedure (attached as Exhibit 1) on

18 November 2, 2007. California Code of Civil Procedure Section 425.16(g) specifically states that,

19 "All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made

20 pursuant to this section."

21        The Petitioner, Cornell University, has not shown sufficient cause to support the Motion to

22 Unseal Record even if discovery is once again allowed to proceed. The underlying litigation referred

23 to by the Petitioner involves causes of action for privacy and libel regarding a publication distributed

24 by Cornell University (attached as Exhibit 2), regarding a single specific incident: an arrest and a

25 single charge brought against the Respondent, Kevin Vanginderen in March of 1983. The arrest was

26 conducted by an employee of the Petitioner, Cornell University. The arraignment, booking and final

27 plea was conducted solely at the City of Ithaca City Court, (see Affidavit of Kevin Vanginderen) The

28 Petitioner has already submitted an unopposed Motion to Unseal Record to the City of Ithaca City

1 Court (attached as Exhibit 3). The current litigation does not regard the publication of any
2 information about the prosecution of the matter other than that which occurred on the date of arrest.
3     The Petitioner has shown no reason that any record in possession of, or within the jurisdiction
4 of, the Tompkins County Court would be relevant to the current litigation. The Petitioner has
5 provided no legal basis to engage in a further invasion of privacy which would result from the
6 unlimited disclosure of sealed records to an entity that has a recent history of publishing decades old
7 private information upon the world wide web for all the world to see. The Petitioner has also chosen
8 to publish the defamatory statements within the State of California and accordingly, the current
9 litigation is being conducted in that venue and is subject to the case law of that jurisdiction. The
10 Petitioner has cited no case law within its Motion to Unseal Record that was decided within the State
11 of California. This discovery matter should be decided by the Federal Court in California.
12     The Petitioner is precluded from discovery and has not met a burden of proof sufficient to indicate
13 its need for, or the relevance of, information that would allow for the extreme measure of unsealing
14 the private records it now requests on an unlimited basis. The Respondent requests the Motion to
15 Unseal Records be denied.
16
17                                VERIFICATION
18     I, the undersigned, say: I am the Respondent in the above entitled action: I have read the
19 foregoing RESPONSE TO ORDER TO SHOW CAUSE and know the contents thereof; and that the
20 same is true of my knowledge except as to the matters which therein stated upon my information or
21 belief, and as to those matters that I believe to be true.
22     I declare under penalty of perjury that the foregoing is true and correct.
23     Executed on November 7, 2007, at Chula Vista, California.
24
25                                         _____
                                           Kevin Vanginderen
26
27
28

1  NELSON E. ROTH, SBN 67350
       ner3@cornell.edu
2  CORNELL UNIVERSITY
   300 CCC Building
3  Garden Avenue
   Ithaca, New York 14853-2601
4  Telephone:   (607)255-5124
   Facsimile:   (607)255-2794
5
   BERT H. DEIXLER, SBN 70614
6      bdeixler@proskauer.com
   CHARLES S. SIMS, New York Attorney Registration No. 1535640
7      admitted *pro hac vice*
       csims@proskauer.com
8  CLIFFORD S. DAVIDSON, SBN 246119
       cdavidson@proskauer.com
9  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
10 Los Angeles, CA 90067-3206
   Telephone:   (310) 557-2900
11 Facsimile:   (310) 557-2193

12 Attorneys for Defendant,
   CORNELL UNIVERSITY

13

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| KEVIN VANGINDEREN, | Case No. 07-CV-2045-BTM-JMA |
|---|---|
| Plaintiff, | Hon. Barry Ted Moskowitz |
| v. | DEFENDANT'S NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO SECTION 425.16 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE |
| CORNELL UNIVERSITY, | |
| Defendant. | |
| | [Per chambers, no oral argument unless requested by the Court] |
| | [Request for Judicial Notice and Declarations of Valerie Cross Dorn and Anne Richardson Kenney filed concurrently] |
| | Hearing Date: December 21, 2007<br>Time: 11:00 a.m.<br>Place: Courtroom 15 |
| | Action Filed: October 1, 2007 |

NOTICE OF SPECIAL MOTION TO STRIKE AND SPECIAL MOTION TO STRIKE

TO DEFENDANT AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 21, 2007, at 11 a.m., or as soon thereafter as counsel may be heard in Courthouse 15, located at 940 Front Street, San Diego, California 92101, defendant Cornell University ("Cornell") will and hereby does move for an order striking the Complaint of plaintiff Kevin Vanginderen ("Plaintiff") in its entirety, with prejudice and without leave to amend, and, further awarding Defendant its reasonable attorneys' fees and costs incurred in bringing this special motion to strike.

This special motion to strike will be and is made upon the following grounds.

Plaintiff filed this action after discovering in the electronic archives of the Cornell University Library a 24-year-old report in the *Cornell Chronicle* that described Plaintiff's criminal activities as a Cornell undergraduate. Plaintiff alleges that the news account is libelous and reflects public disclosure of private facts.

The Complaint is indisputably a "strategic lawsuit against public participation" ("SLAPP") that is barred by the anti-SLAPP statute, California Code of Civil Procedure § 425.16. The Complaint's allegations arise entirely out of Cornell's actions in furtherance of the right to engage in "conduct in furtherance of the exercise of the . . . constitutional right of free speech in connection with a public issue or an issue of public interest." Cal. Code Civ. Pro. § 425.16(e)(4).

Because the Complaint is a SLAPP lawsuit, Section 425.16(b)(1) and relevant Ninth Circuit authorities require that the Complaint be stricken unless Plaintiff makes a prima facie showing that his claims are legally and factually sufficient. Plaintiff cannot show either because, as set forth in detail in Cornell's accompanying Memorandum of Points and Authorities, the *Cornell Chronicle* report on Plaintiff's criminal activities is fair and true and any claim would be time-barred. A simple examination of the records of the Ithaca City Court, attached as Exhibit A to the concurrently filed Request for Judicial Notice, demonstrates the truth of the news account of the criminal proceedings.

1   As the Complaint is a SLAPP lawsuit unsupported by law or fact, Cornell is
2   entitled to recover from Plaintiff Cornell's reasonable attorneys' fees and costs
3   incurred in bringing this special motion to strike, pursuant to California Code of
4   Civil Procedure § 425.16(c) and relevant Ninth Circuit authorities.
5   This special motion to strike will be and is based upon this Notice, the
6   accompanying Memorandum of Points and Authorities, the accompanying Request
7   for Judicial Notice, the Declarations of Valerie Cross Dorn and Anne Richardson
8   Kenney, the records and files in this action and upon such further oral and
9   documentary evidence as may be presented at or before the hearing on this special
10  motion to strike.

12  DATED: November 2, 2007

BERT H. DEIXLER
CHARLES S. SIMS
CLIFFORD S. DAVIDSON
PROSKAUER ROSE LLP

NELSON E. ROTH
CORNELL UNIVERSITY

s/Bert H. Deixler
———————————————
Bert H. Deixler

Attorneys for Defendant,
CORNELL UNIVERSITY

2

NOTICE OF SPECIAL MOTION TO STRIKE AND SPECIAL MOTION TO STRIKE

Exhibit A, Page 7

Case 3:07-cv-02045-BTM-JMA   Document 17-2   Filed 12/14/2007   Page 7 of 11

6                    Thursday, March 17, 1983

## Theater

### Sayoyards Present 'Patience'

The Cornell Sayoyards will present Gilbert and Sullivan's "Patience: Or Bunthorne's Bride" at 8:15 p.m. April 8, 9, 15 and 16 and 2 p.m. April 10 in Statler Auditorium.

The Sayoyards will perform "Patience" under the dramatic direction of Victoria Kummer and the musical direction of Charles Peltz. First performed in 1881, "Patience" is the story of a group of rapturous maidens and the men they love. The principals in the production include Diane Duke, administrative manager in computer science, as Patience; Fred Ahl, professor of classics, as Bunthorne; and Graham Stewart, an Ithaca College student, as Grosvenor.

"Patience" is one of two Gilbert and Sullivan operettas the Sayoyards will perform this year. The theater group, with members from the academic and non-academic community, has presented the witty musical drama of Gilbert and Sullivan to Ithaca audiences each spring and fall for nearly 30 years. Past productions have included "H.M.S. Pinafore," "The Mikado," and most recently "The Pirates of Penzance."

Tickets for "Patience" are $5 for the evening performances and $3.50 for the matinee. Group rates are available. Tickets will go on sale at the Statler Box Office beginning Monday, March 28. The box office is open 10 a.m. Monday through Saturday. For further information call 256-7261.

**Thurs. through Sat.**
Mar. 17-19, 8:15 p.m. "Lincoln Drummond Studio. Theatre Cornell presents Moliere's classic farce, "The Imaginary Invalid" translated by the late Professor Morris Bishop.

**Sunday**
Mar. 20, 2:30 p.m. "Lincoln Drummond Studio. Theatre Cornell present Moliere's "The Imaginary Invalid."

**Tues. through Sat.**
Mar. 22-26, 8:15 p.m. "Lincoln Drummond Studio. Theatre Cornell presents Moliere's "The Imaginary Invalid."

## Graduate Bulletin

• The deadline for initial course registration/adding courses was Friday, Feb. 11. All students who are late in turning in their forms will be charged a $10 processing fee.

The final date for course change or drop without a notation processing fee of $10 is tomorrow, March 18.

Graduate and Professional School Financial Aid Applications (GAPSFAS) for 1983-84 should have been filed with the Office of Financial Aid by March 15, 1983.

April 15: Indonesia Fulbright Grants — The Institute of International Education (IIE) announces the availability of approximately 3 grants for the 1983-84 academic year (12 months). These grants are intended for recent recipients of bachelor's degrees, or students enrolled in master's programs, in the fields of creative & performing arts, Indonesian & regional languages (advanced) and literature. Applications can be picked up from Linda Kao, 100 Sage Graduate Center.

April 15: North African/South Asia Fulbright Grants — New programs have been announced with 4 countries in the North African/South Asian areas. Graduating seniors and graduate students up to the Ph.D. level will be accepted as candidates for grants, subject to individual country preferences. For further information and applications, please contact Linda Kao, 100 Sage Graduate Center.

Singapore, Malaysia, Thailand—1983-84 Fulbright Study Abroad Program — The USIA announces the availability of up to 10 grants in all fields of study. Applicants must have a bachelor's degree by the beginning date of the grant, and not hold a Ph.D. at the time of application. For information and applications, contact L.S. Kao in the Graduate Deans' Office. Campus deadline has been extended to April 15.

Note: DEADLINE FOR SUBMITTING 1982-83 GUARANTEED STUDENT LOAN APPLICATIONS TO THE STATE LOAN OFFICE, 124 DAY HALL IS MAY 1, 1983.

Veterinary Medicine students should submit applications to the VET Financial Aid Office, 101-D James Law Auditorium.

Business and Public Administration students should submit applications to the BPA Financial Aid Office, 315 Malott Hall.

Law School students should submit applications to the Law Admissions Office, Myron Taylor Hall.

1983-84 Guaranteed Student Loans — Cornell University's State Loan Office, 124 Day Hall, will accept guaranteed student loan applications for the 1983-84 academic year beginning April 4, 1983. Students applying for a guaranteed student loan for the 1983-84 academic year are required to complete a "Needs Test." This form is expected to be available at your lender or the State Loan Office by April 4th. The Needs Test must be completed and attached to your guaranteed student loan application before the application can be submitted to the State Loan Office for processing.

Veterinary Medicine students should submit applications to the VET Financial Aid Office, 101-D James Law Auditorium.

Business and Public Administration students should submit applications to the BPA Financial Aid Office, 315 Malott Hall.

Law School students should submit applications to the Law Admissions Office, Myron Taylor Hall.

Applications for 1983 Graduate School Summer Fellowships and Summer Tuition Awards should be available after March 21, 1983. Summer Fellowship applications may be obtained at the office of your graduate faculty representative. Summer Tuition Award applications will be available at the Fellowship Office, 116 Sage Graduate Center.

REMINDER: All graduate students who are NYS residents and who receive tuition from Cornell administered sources must apply for a 1982-83 Tuition Assistance Program (TAP) award. The deadline to file is March 31, 1983 for the 1982-83 academic year. TAP applications and TAP acceptance forms are available at the Bursar's Office, 260 Day Hall and at the Fellowship Office, 116 Sage Graduate Center. Questions should be referred to the Bursar's Office, 6-5414 or the Fellowship Office, 6-4884.

## Blotter Barton

Department of Public Safety officials have charged Kevin G. Vangindaren of 605 Winston Court Apartments with third degree burglary in connection with 10 incidents of petit larceny and five burglaries on campus over a period of a year. Safety reported recovering some $474 worth of stolen goods from him.

Also, according to the morning reports of the department for the period March 7 through 13, there were 23 thefts on campus involving a total of $1,960 in cash and valuables. These included five wallets and one purse with contents estimated at $289. Three license plates were stolen from cars parked at various locations on campus.

Safety recovered a $1,000 computer terminal stolen from a room in Uris Hall. Based on an anonymous phone call, safety officials found the terminal and a desk phone in a parking lot in Ithaca.

Two students were referred to the Judicial Administrator for walking on the hoods of cars in the West Campus Parking Lot. Two automobile tires valued at a total of $240 were slashed on a car parked in front of 726 University Avenue.

## CIVITAS

**TRAINED GYMNAST SOUGHT FOR SATURDAY MORNING PROGRAM:** In downtown Youth Center which has just received a lot of new gym equipment. There is an assistant ready to help, but the Center hopes to find a volunteer trained instructor. Saturday mornings, for a couple of hours, between 9 a.m. - 1 p.m.

**OLDER WOMAN, FEARFUL OF GOING OUT ALONE:** Would like someone to go shopping and maybe have lunch with her every other week. She needs guidance as she gets confused and can't find what she needs. Tues. and Thurs. are the most desirable days, from 10 a.m. - 1 p.m., more or less.

**SOME NEW REQUESTS FOR HIGH SCHOOL TUTORS:** Who are willing to go to Ithaca High School of help their tutees: 1) A geometry tutor, 12:55 - 1:40 p.m., any day, M-F; 2) A tutor in first year French, 12:55 - 1:40 p.m. One week either Mon., Wed., or Fri.; the next week, Tues. or Thurs.

**COMMUNITY PROGRAM WORKING WITH JAIL INMATES:** Announces training program for volunteers to help individuals in the Tompkins County Jail on a one-to-one basis. Volunteers establish supportive relationships with prisoners, help them deal with problems of incarceration and then continue contact upon release. Training starts April 12 (7-10 p.m.) and continues April 14 (7:30 p.m.), April 19 (12-3 p.m.), April 21 (12-3 p.m.), April 19 (7-10 p.m.), April 26 (7-10 p.m.) and April 28 (7-10 p.m.). Training will enable you to work through the summer (if you plan to be in Ithaca) or as soon as the fall term starts in Sept. Come to CIVITAS for an appointment with the program soon. We also have some written information for you to read.

**DOWNTOWN YOUTH CENTER NEEDS GOPHER:** To help put up posters around the Cornell and/or Ithaca College campus and/or downtown every other week for an hour or two.

**TUTOR NEEDED FOR HIGH SCHOOL STUDENT STUDYING BOOKKEEPING:** This student can meet you on campus after 3 p.m. Mon. and Wed. are the best days for her, but other times are possible.

**FIFTH GRADER, AGED 10, HOPES TO FIND MENTOR:** To teach him a skill: model building, electronics, bicycle repair, small engine repair, or computer programming. He could come to Cornell after school (about 3 p.m.) one day a week.

**GIRL SCOUT CO-LEADERS NEEDED IMMEDIATELY:** For two Junior Troops who meet on Mon. afts., one from 2:30-4 p.m., the other from 3-4:30 p.m., but for the former you will have your own transportation. Commitment for the rest of the semester.

**TO OFFER YOUR HELP:** Come to CIVITAS, 119B Anabel Taylor Hall, or call 256-7513. Open Mon., Wed., Fri., 9-3, and Tues., Thurs., 10-2.

Funded in part by the Student Finance Commission and open to the entire Cornell community.

## New Personnel Director Pledges Accessibility to Employees

At an employee trustee-sponsored brown bag luncheon recently, Lee M. Snyder, director of University Personnel Services, told attendees that he would be personally available to employees and that he was interested in suggestions as to how Personnel Services could improve policies and procedures.

Snyder noted that his current schedule included tours of worksites around the Ithaca campus and that visits to the agricultural sites would include Geneva.

Snyder told the group he was impressed with the many channels of input into the decision-making process at Cornell and the many avenues of communication. "I assure you, this does not happen at all universities," he said. Snyder also assured the group of his commitment to maintain these levels of participation and communication and remarked that University Personnel Services does not make decisions without seeking the thoughts of a large number of people.

The roles of the Employee Assembly and Personnel Support Group in personnel matters will continue to be supported by University Personnel Services, Snyder said. He cited the development of the Employee Complaint and Grievance Procedure for non-academic staff as examples of the constructive activities University Personnel Services will continue to pursue.

He said his department would continue striving to serve both Cornell's departments and its employees. Stating that he is looking forward to reviewing the results of the recent survey of employees, Snyder promised to "take a look at critical issues and improve what we can."

The Long Term Disability plan, the prescription drug program, and the conversion of the endowed non-exempt employees to the Cornell University Retirement Plan were among the significant improvements in employee benefits over the past five years, increasing basic benefits expenditures significantly. Snyder said. He emphasized that these expenditures were generated through the university policy-making structure, not required by law.

This spring, for the first time, employees will receive personalized detailed statements for their benefits, he said. The individualized, computer-generated statements will be mailed to the homes of all regular full-time and part-time non-academic staff and all academic staff whose appointments are 50 percent of full time or greater, by the end of May, Snyder responded to questions from the brown bag lunch group with a discussion of differing benefits philosophies.

Noting improvements each year in the promotion of employees from within Cornell, the new personnel director said the university will continue working on programs to advance current employees. He mentioned the concept of career ladders as a means to help employees identify their potential to progress along a planned path of career advancement. He said general guidelines to be developed by Personnel Services would recognize that not every employee takes the same path or pursues the same goals.

Snyder also expressed enthusiasm for the Recreation Club and other employee-generated programs, saying, "It takes a lot of employee involvement to make these things work," he said, and he encourages employees to get involved in such programs.

## James Law Lecture Scheduled

The fourth lecture in the 1982-83 James Law Distinguished Lecturer Series will be given at 4:30 p.m. Thursday, March 24, in The James Law Auditorium, by Dr. Jean D. Wilson, professor of Internal Medicine, University of Texas. Dr. Wilson's topic is the "Hormonal and Genetic Control of Sex Differentiation". Admission is free and the public is invited.

Dr. Wilson will examine the development of male and female embryos, particularly the formation of the male phenotype and the role secretions of the fetal testes play in sex differentiation. Of these secretions, testosterone is responsible for virilization of the Wolffian duct system into the epididymis, vas deferens, and seminal vesicle.

It has recently been discovered that a metabolite of testosterone, dihydrotestosterone, induces development of the prostate and male external genitalia. Dr. Wilson will discuss how impairment in the action or formation of these male sex hormones, or in the protein receptor to which they bind, results in developmental anomalies involving both internal and external genital structures.

Dr. Wilson received his B.A. from the University of Texas at Austin, and his medical degree in 1955 from the University of Texas, Southwestern Medical School. He has over 160 professional publications to his credit and is the editor of "Benign Prostatic Hyperplasia."

## Biotech

**Continued from Page 1**

The institute's initial focus is expected to be in molecular genetics, cellular biology and cell production.

The New York State Center for Biotechnology will provide a program specifically designed to meet the needs of New York industry and academic institutions. New York corporations will have full access to the center.

The center will foster biotechnology research and application in the agricultural, food, chemical and pharmaceutical industries in the state.

The institute and the center will offer a program of research and development in those areas that are basic to biotechnology innovation and that are essential to the development of its economic potential.

CITY OF ITHACA
CITY COURT:                     CRIMINAL PART
_____

IN THE MATTER OF THE APPLICATION
OF CORNELL UNIVERSITY TO UNSEAL
RECORDS FROM THE PROCEEDING
CAPTIONED:

                                                **ORDER TO
                                                SHOW CAUSE**

PEOPLE OF THE STATE OF NEW YORK
    vs.
KEVIN VANGINDEREN,

                Defendant.
_____

(Stamped: 07 OCT -9 AM 9:19)

      Upon the annexed affidavit of Nelson E. Roth, sworn to October 5, 2007 with attached exhibit, and upon all prior papers and proceedings heretofore had herein, and sufficient cause appearing therefor; it is hereby,

      ORDERED, that Kevin Vanginderen or his attorney(s) show cause before this Court, at a Motion Term thereof, to be held at the Ithaca City Court, located at 118 East Clinton Street, City of Ithaca, State of New York, on 10/17, 2007 at 9:30 a.m. or as soon thereafter as counsel can be heard, why an order should not be entered herein unsealing all records and papers relating to the arrest and prosecution of the above-captioned criminal matter; and it is hereby

      FURTHER ORDERED, that service of a copy of this Order to Show Cause and the Affidavit of Nelson E. Roth in Support of Motion to Unseal Record with attached exhibit be made upon Kevin Vanginderen, Pro se, by Federal Express (no signature required) at the address listed on his Civil Action Case No. 37-2007-00076496-CU-DF-SC, at 637 3rd Avenue, Suite E-1, Chula Vista, CA 91910 on or before 10/12, 2007 at 5:00 p.m.; and it is hereby

      FURTHER ORDERED, that any and all answering affidavit and memorandum of law be served upon the attorney for movant Cornell University at the Office of University Counsel, 300 CCC Building, Garden Avenue, Ithaca, NY 14853 on or before 10/15, 2007.

      IT IS SO ORDERED.

Dated: October 9 2007

                                                        s/ Judith A Rossiter
                                                        Judith A. Rossiter, Judge

Exhibit A, Page 9

Kevin Vanginderen, Plaintiff Pro Per
637 Third Ave., Suite E1
Chula Vista, CA  91910
Telephone: (619) 585-7414

COUNTY COURT OF THE STATE OF NEW YORK
TOMPKINS COUNTY

IN THE MATTER OF THE APPLICATION
OF CORNELL UNIVERSITY TO UNSEAL
RECORDS FROM THE PROCEEDING
CAPTIONED:

PEOPLE OF THE STATE OF NEW YORK
vs.
KEVIN VANGINDEREN,

        Defendant.

**AFFIDAVIT OF KEVIN VANGINDEREN IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE**

STATE OF NEW YORK   :
                            : ss.:
COUNTY OF TOMPKINS :

    I, Kevin Vanginderen, declare:

    1. I am the Respondent for the above captioned matter and I am the Plaintiff in a civil matter commenced on October 1, 2007, against Cornell University in the Superior Court of California, County of San Diego, for causes of action for Public Disclosure of Private Facts and Libel regarding a publication distributed by Cornell University in 1983 and now for the first time disseminated on the world wide web in 2007. I am fully familiar with the procedural facts and circumstances of this matter as set forth below.

    2. The causes of action stem from an article published by Cornell University regarding a single specific incident: an arrest and a single charge brought against the Respondent, Kevin Vanginderen in March of 1983.

    3. The arrest on that date was conducted by an employee of the Petitioner, Cornell University.

    4. The arraignment, booking and final plea of that matter was conducted solely at the City of Ithaca City Court.

    5. The Petitioner has filed a Motion to Unseal Record at the City of Ithaca City Court on

1 | October 9, 2007.

2 |     6. I have not opposed the Petitioner's Motion to Unseal Record in the Ithaca City Court
3 | because that is where the events surrounding the 1983 arrest have occurred.

4 |     7. All events after the arrest regarding the 1983 legal matter are not a part of the recently
5 | filed civil action and as such, it is my belief that nothing exists within the records of Tompkins
6 | County that is relevant to the civil case.

8 |     I declare under penalty of perjury under the laws of the State of California, that the foregoing
9 | is true and correct and this AFFIDAVIT was executed this 7th day of November, 2007, in San Diego
10 | County, California.

12 |     DATED: November 7, 2007

14 |                      Respectfully submitted,
15 |
16 |                      Kevin Vanginderen

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF San Diego

I have read the foregoing _____
_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____, at _____, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____                          _____
Type or Print Name                                  Signature

**PROOF OF SERVICE**
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF San Diego

I am employed in the county of <u>San Diego</u>, State of California.
I am over the age of 18 and not a party to the within action; my business address is: <u>637 Third Avenue, Suite E-1, Chula Vista, CA 91910</u>

On, <u>11/7/07</u> I served the foregoing document described as <u>A copy of the Response to Notice to Show Cause</u>

_____ on <u>Defendant Attorneys</u> in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:
Bert Deixler, Esq., Proskauer Rose LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
Valerie Cross Dorn, Esq., Office of University Counsel, 300 CCC Building, Garden Ave., Ithaca, New York 14853

☒ **BY MAIL**

☒ *I deposited such envelope in the mail at <u>637 Third Avenue, Chula Vista</u>, California. The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____, at _____, California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at _____, California.

☒ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

<u>Juan Ramirez</u>                                   _/s/ Juan Ramirez/_
Type or Print Name                                  Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus                                Rev. 7/99

Exhibit A, Page 12