NELSON E. ROTH, SBN 67350
    ner3@cornell.edu
CORNELL UNIVERSITY
300 CCC Building
Garden Avenue
Ithaca, New York 14853-2601
Telephone:   (607)255-5124
Facsimile:    (607)255-2794

BERT H. DEIXLER, SBN 70614
    bdeixler@proskauer.com
CHARLES S. SIMS, New York Attorney Registration No. 1535640
    admitted *pro hac vice*
    csims@proskauer.com
CLIFFORD S. DAVIDSON, SBN 246119
    cdavidson@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone:   (310) 557-2900
Facsimile:    (310) 557-2193

Attorneys for Defendant,
CORNELL UNIVERSITY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KEVIN VANGINDEREN, | ) | Case No. 07-CV-2045-BTM (JMA) |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **EVIDENTIARY OBJECTIONS TO AFFIDAVIT OF PLAINTIFF KEVIN VANGINDEREN IN SUPPORT OF PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT** |
| CORNELL UNIVERSITY, | ) | |
| Defendant. | ) | |
| | ) | [Per chambers, no oral argument unless requested by the Court] |
| | ) | Hearing Date: December 21, 2007 |
| | ) | Time:   11:00 a.m. |
| | ) | Location:   Courtroom 15 |
| | ) | Action Filed: October 1, 2007 |

DEFENDANT'S EVIDENTIARY OBJECTIONS

Defendant Cornell University ("Cornell") respectfully makes the following objections to the Affidavit of Plaintiff Kevin Vanginderen in Support of Plaintiff's Memorandum of Points and Authorities in Opposition of Defendant's Motion to Strike Plaintiff's Complaint ("Affidavit").

## INTRODUCTION

In his Affidavit offered in support of Plaintiff's Memorandum of Points and Authorities in Opposition of Defendant's Motion to Strike Plaintiff's Complaint Pursuant to Section 425.16 of the California Code of Civil Procedure, Plaintiff fails to identify, much less authenticate or lay foundation for, any of the exhibits or their contents attached to his Affidavit.  These exhibits should not be considered by the Court.

## EVIDENTIARY OBJECTIONS

**Objected to Portion:**     Exhibits attached to the Affidavit.

**Objection:**     Lack of authentication (Fed. R. Evid. 901);  hearsay (Fed. R. Evid. 801 and 802)..

Cornell objects on the ground that Plaintiff's Affidavit does not include evidence sufficient to support a finding that the purported attached exhibits, and the contents thereof, are what they claim to be.  Plaintiff's Affidavit does not identify any actual exhibits and provides no foundation for the contents thereof, and none of the purported exhibits is self-authenticating.

Cornell further objects to the purported exhibits as hearsay, to the extent that Plaintiff relies on them to prove the truth of the matters asserted therein.

**Objected to Portion:**     page 1, paragraph 1, portion:  ". . .regarding a publication distributed by Cornell University in 1983, and now for the first time disseminated on the World Wide Web in 2007."

**Objection:**     Lack of foundation; lack of personal knowledge, speculation (Fed. R. Evid. 602).

Cornell objects to this portion of the Affidavit on the ground that such portion lacks foundation and consists of opinion, speculation and argument.  Plaintiff lays no foundation for his

1  claims that (1) the "publication" was disseminated in 2007 "for the first time"; or (2) that the
2  "publication" on the World Wide Web was disseminated in 2007.

3  **Objection to Portion**:   page 1, paragraph 3, portion: ". . .The causes of action stem from
4  an article published in the *Cornell Chronicle* by Cornell University (Defendant) regarding a single
5  specific incident: an arrest and a single charge brought against myself in March of 1983."

6  **Objection**:   Best evidence rule (Fed. R. Evid. 1002 and 1003); lack of foundation (Fed.
7  R. Evid. 602).

8  Cornell objects to this portion of the Affidavit on the ground that this portion of the
9  Affidavit violates the best evidence rule.  The *Chronicle* article itself is the best evidence of the
10 contents of the *Chronicle* article.

11 Cornell further objects on the ground that Plaintiff has not establish the foundation of his
12 assertion that the *Chronicle* publication was based on "a single specific incident," and that the
13 assertion is argumentative.

14 **Objection to Portion:**   page 2, paragraph 7 in its entirety: "The Defendant has never
15 received an Order to Unseal Records at any court to date."

16 **Objection**:   Lack of foundation; lack of personal knowledge; speculation (Fed. R. Evid.
17 602).

18 Plaintiff has not established that he has personal knowledge of whether Cornell had
19 received an unsealing order before November 20, 2007.

20

21 DATED: December 14, 2007            NELSON E. ROTH
22                                     CORNELL UNIVERSITY

23                                     BERT H. DEIXLER
                                       CHARLES S. SIMS
24                                     CLIFFORD S. DAVIDSON
                                       PROSKAUER ROSE LLP
25

26                                      /s  Bert H. Deixler
                                              Bert H. Deixler
27
                                       Attorneys for Defendant,
28                                     CORNELL UNIVERSITY