DEC 18 2007

FILED

07 DEC 20 AM 11:52

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

1  Kevin Vanginderen, Plaintiff Pro Per
   637 Third Ave., Suite E1
2  Chula Vista, CA  91910
   Telephone: (619) 585-7414
3

4

5

6                    UNITED STATES DISTRICT COURT

7                  SOUTHERN DISTRICT OF CALIFORNIA

8

9  KEVIN VANGINDEREN,                    )    Case  No. 07-CV-2045-BTM-JMA
                                         )
10         Plaintiff,                     )    Hon. Barry T. Moskowitz
                                         )
11         v.                            )    PLAINTIFF'S RESPONSE TO
   CORNELL UNIVERSITY,                   )    DEFENDANT'S REPLY IN FURTHER
12                                        )    SUPPORT OF SPECIAL MOTION TO
           Defendant.                    )    STRIKE PLAINTIFF'S COMPLAINT
13                                        )    PURSUANT TO SECTION 425.16
                                         )    OF THE CALIFORNIA CODE OF CIVIL
14                                        )    PROCEDURE AND OBJECTION TO
                                         )    DEFENDANT'S REQUEST FOR
15                                        )    JUDICIAL NOTICE OF ALL EXHIBITS
                                         )
16                                        )
                                         )
17                                        )    Hearing Date: December 21, 2007
                                         )    Time:          11:00 a.m.
18                                        )    Place:         Courtroom 15

19         The Defendant's conduct in the present matter has been nothing short of reprehensible.

20  The Defendant does not wish to make a proper legal conclusion based upon an examination of

21  the circumstances presented within the unauthenticated exhibits it has deluged this Court with,

22  instead it has chosen to make a rabid effort to publicize the decades old sealed record of the

23  Plaintiff and has compounded the damages for which it is liable. The Defendant apparently

24  wishes to conduct a trial by exhibits alone, without testimony or cross examination.  It has

25  improperly presented a myriad of unauthenticated documents and now request that this Court

26  take judicial notice of all without presenting a legitimate legal basis for such.  The Defendant

27  has not submitted any declaration to date which has authenticated any of these documents and

28  has misstated the evidence presented.  The Plaintiff objects to the admissibility of all the

1  Defendant's exhibits on grounds of relevance, hearsay, authenticity and the Best Evidence Rule

2  and requests that judicial notice not be extended to the exhibits without proper substantiation.

3      The Defendant is misleading the Court when it states it has not conducted itself primarily

4  in a manner which intends to publicize what has been a decades old sealed record. The

5  Defendant Attorney Bert Deixler, personally informed and threatened the Plaintiff that a pursuit

6  of this litigation would result in a massive dispersal of private information if it was not dropped.

7  Subsequently, the Defendant decided to issue a press release to Justia.com (see Exhibit 6)

8  describing the circumstances of the case in only a manner that the Defendant could imply, thus

9  insuring that all its unsubstantiated and unauthenticated exhibits submitted to this Court would

10 be immediately be broadcast online.

11     The Defendant proceeded immediately to submit as an exhibit to this Court, the original

12 Accusatory Instrument brought against the Plaintiff (Defendant's Exhibit A) even with the

13 knowledge that it was part of the then sealed record. (See Exhibit 5) There had been no order

14 issued by any court to unseal these records on that date. As a result of the dismissal of all

15 charges, the entire court file was sealed pursuant to New York's CPL §160.50, which requires all

16 records "in any court" CPL §160.50(1)(c) to be sealed upon a dismissal. Since the Defendant

17 has asserted that very code in its Motion to Unseal Record it is difficult for it to now state that it

18 believed it was submitting a unsealed record at that time.

19     The Defendant has now taken the entire sealed record and submitted ever single

20 document within it, relevant or not, as exhibits. Clearly these exhibits could never be presented

21 as evidence at trial without authentication and subject to the scrutiny of this Court in regard to

22 prejudice, hearsay, authentication and relevance. Indeed, even the worst interpretation of them

23 could not find a scintilla of evidence beyond the possibility of seven charges involving the

24 Plaintiff, while the libelous publication exhorts fifteen. The submission of these records as

25 potential evidence has fit the Defendants ulterior motive, to publicize the twenty four year old

26 sealed record in as broad a manner as could possibly be imagined.

27     The *Chronicle* report from March 17, 1983, is neither fair nor true. The article states

28

2

1   that, "Department of Public Safety officials have charged Kevin G. Vanginderen of 603 Winston

2   Court Apartments with third degree burglary in connection with 10 incidents of petit larceny and

3   five burglaries on campus over a year." (Defendant's Exhibit B). The *Cornell Chronicle* article

4   was false as the charge did not involve fifteen separate crimes as stated.

5        The Defendant's egregious conduct to date should not go rewarded.  It has presented no

6   basis to present this litigation to go forward.  The argument that the Defendant has acted

7   properly and is defending its right to publish everything in its catalog online is laughable.  The

8   Plaintiff respectfully requests the Motion to Strike be denied.

9

10  Dated: December 18, 2007

11

12                              Kevin Vanginderen, Plaintiff in pro per

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Justia | Supreme Court Center | US Laws | Blawgs.FM | BlawgSearch.com

Search Justia

Justia > News > Cases > Vanginderen v. Cornell University

Subscribe 🔖

# Vanginderen v. Cornell University

Libel claim - claims university's digitization of campus newspaper constituted "re-publication" thus reviving claim that would ordinarily be extinguished over twenty years ago. Disclosure of private facts claim.

Tags: cornell, defamation, disclosure private facts, libel, library, privacy, publication, single publication rule

| | |
|---|---|
| **Plaintiff:** | Kevin Vanginderen |
| **Defendant:** | Cornell University |
| | |
| **Case Number:** | 3:2007cv02045 |
| **Filed:** | October 29, 2007 |
| | |
| **Court:** | California Southern District Court |
| **Office:** | San Diego Office [ Court Info ] |
| **County:** | San Diego |
| **Presiding Judge:** | Judge Barry Ted Moskowitz |
| **Referring Judge:** | Magistrate Judge Jan M. Adler |
| | |
| **Nature of Suit:** | Torts - Injury - Assault, Libel, and Slander |
| **Cause:** | 28:1441 Petition for Removal Libel,Assault,Slander |
| **Jurisdiction:** | Diversity |
| **Jury Demanded By:** | None |

| Date Filed | # | Document Text | Date Entered |
|---|---|---|---|
| October 29, 2007 | 1 | NOTICE OF REMOVAL as to Kevin Vanginderen from San Diego Superior Court, case number 37-2007-00076496-CU-DF-SC. ( Filing fee $ 350 Receipt number 143754), filed by Cornell University. t/w Notice of Party with Financial Interest.(pdc)(bar). | October 29, 2007 |
| October 29, 2007 | 2 | NOTICE of Party With Financial Interest by Cornell University. (vet) | October 30, 2007 |
| October 30, 2007 | 3 | CERTIFICATE OF SERVICE by Cornell University (Davidson, Clifford) Modified on 11/1/2007 - atty not associated w/ party and signature is in incorrect format, atty contacted (vet, ). | October 30, 2007 |
| October 31, 2007 | 4 | PRO HAC VICE APPOINTED: Charles S. Sims appearing for Defendant Cornell University (mkz) (mam). | October 31, 2007 |

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF San Diego

I have read the foregoing _____
_____ and know its contents.

[  ] **CHECK APPLICABLE PARAGRAPHS**

[  ] I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[  ] I am [  ] an Officer [  ] a partner _____ [  ] a _____ of _____

_____ a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. [  ] I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. [  ] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[  ] I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____ , at _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____          _____
Type or Print Name                              Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF San Diego

I am employed in the county of San Diego , State of California.
I am over the age of 18 and not a party to the within action; my business address is: 637 Third Avenue, Suite E-1, Chula Vista, CA 91910

On, 12/18/07 I served the foregoing document described as A copy of the Plaintiff's Response to Defendant's Reply in Further Support of its Motion to Strike and Plaintiff's Objection to Defedant's Reequest for Judicial Notice on Defendant Attorney in this action

[  ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
[X] by placing [  ] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

Bert Deixler, Esq., Proskauer Rose LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206

[X] **BY MAIL**

[X] *I deposited such envelope in the mail at 637 Third Avenue, Chula Vista , California. The envelope was mailed with postage thereon fully prepaid.

[  ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

[  ] **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

[X] (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[  ] (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Juan Ramirez                                          _____
Type or Print Name                                        Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus          Rev. 7/99