NELSON E. ROTH, SBN 67350
    ner3@cornell.edu
CORNELL UNIVERSITY
300 CCC Building
Garden Avenue
Ithaca, New York 14853-2601
Telephone:   (607)255-5124
Facsimile:    (607)255-2794

BERT H. DEIXLER, SBN 70614
    bdeixler@proskauer.com
CLIFFORD S. DAVIDSON, SBN 246119
    cdavidson@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone:   (310) 557-2900
Facsimile:    (310) 557-2193

Attorneys for Defendant,
CORNELL UNIVERSITY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VANGINDEREN,<br><br>    Plaintiff,<br><br>v.<br><br>CORNELL UNIVERSITY,<br><br>    Defendant. | Case No. 07-CV-2045 BTM(JMA)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CORNELL'S MOTION FOR ATTORNEYS' FEES**<br><br>[Per chambers, no oral argument unless requested by the Court]<br><br>[Notice of Motion and Motion, Declarations of Bert H. Deixler and Clifford S. Davidson, and [Proposed] Order filed concurrently herewith]<br><br>Hearing Date: August 22, 2008<br>Time:   11:00 a.m.<br>Place:   Courtroom 15<br><br>Action Filed: October 1, 2007 |

## MEMORANDUM OF POINTS AND AUTHORITIES

In its June 3, 2008 Order Granting Special Motion to Strike (the "Order"), the Court noted:

> In conclusion, Cornell's special motion to strike is granted in its entirety . . . . As the prevailing party on the motion to strike, Cornell is entitled to reasonable attorney's fees and costs. Cal. Civ. Proc. Code § 425.26(c). The amount of the attorney's fees shall be determined upon motion by Cornell . . . . Any motion for attorney's fees must be brought within 30 days of this order.

Order at 9-10. As documented in Exhibit A to the concurrently filed Declaration of Clifford S. Davidson ("Davidson Declaration"),[1] Cornell incurred 150.50 hours in attorneys' fees in bringing and winning its anti-SLAPP motion, and 15.75 hours preparing its Bill of Costs and Motion for Attorneys' Fees. A chart summarizing these fees is attached hereto as Exhibit B. A chart summarizing the time Cornell spent drafting its Bill of Costs and Motion for Attorneys' Fees associated with the anti-SLAPP motion[2] is attached to the Davidson Declaration as Exhibit C. Based upon the hours reflected in the Davidson Declaration, and the $350/hour flat rate charged to Cornell as described in the concurrently filed Declaration of Bert H. Deixler ("Deixler Declaration"), Cornell respectfully requests that the Court award to Cornell attorneys' fees in the amount of $65,561.25.

The $65,561.25 figure is based on the number of hours worked by Cornell's attorneys on the anti-SLAPP motion multiplied by the rates of those attorneys. "District courts must calculate awards for attorneys' fees using the 'lodestar method . . . . The 'lodestar' is calculated by

---

[1] Exhibit A is a collection of all bills sent to Cornell, prepared with the assistance of Proskauer's Accounting Department. Davidson Decl. ¶ 3. Exhibit A is sufficient to support this motion. *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) (holding timesheets not per se required if other documentation presented).

[2] Cornell is entitled to both its fees in prosecuting the anti-SLAPP motion and the fees it incurred in applying for costs and fees. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) (holding the fee award in anti-SLAPP cases "should ordinarily include compensation for *all* the hours *reasonably spent,* including those relating solely to the fee.").

1  multiplying the number of hours the prevailing party reasonably expended on the litigation by a
2  reasonable hourly rate." *Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see*
3  *also Espinoza v. City of Imperial*, 2008 U.S. Dist. LEXIS 45611, *16-17 (S.D. Cal. June 6, 2008)
4  ("The lodestar method applies to the determination of a proper attorneys' fees award for an Anti-
5  SLAPP prevailing party."). "The amount awarded must be reasonable, and it must also adequately
6  compensate the [prevailing party] for the expense of responding to a baseless suit." *Silverstein v.*
7  *E360insight, LLC*, 2008 U.S. Dist. LEXIS 36858, *22 (C.D. Cal. May 5, 2008) (internal
8  quotations and citations omitted) (awarding attorneys' fees on anti-SLAPP motion). "A
9  reasonable hourly rate is that prevailing in the community for similar work." *Kearney v. Foley &*
10 *Lardner*, 2008 U.S. Dist. LEXIS 21115, *12 (S.D. Cal. Mar. 18, 2008) (awarding fees to
11 defendant prevailing in anti-SLAPP motion). The reasonableness of a fees award is "to be
12 determined from a consideration of such factors as the nature of the litigation, the complexity of
13 the issues, the experience and expertise of counsel and the amount of time involved." *Id.*

14        As described in the Deixler Declaration, the rates charged by Proskauer attorneys to
15 Cornell are consistent with (and in fact lower than) prevailing rates among attorneys of similar
16 caliber, education and experience in the community. Deixler Decl. ¶¶ 12, 13. Further, Cornell's
17 $65,561.25 request is reasonable and consistent with awards for successful defendants in other
18 anti-SLAPP cases. For example, in *Premier Medical*, the California Court of Appeal affirmed an
19 award of $165,000 in attorneys' fees to a defendant in that case after successful prosecution of an
20 anti-SLAPP motion. 163 Cal. App. 4th at 556. Cornell also does not seek fees for the time
21 expended by Nelson E. Roth, Esq. and other lawyers and legal assistants in Cornell's Office of
22 General Counsel.

23        The work of Cornell's attorneys was not duplicative and was necessary to advance several
24 complex legal arguments, such as the application of the single publication rule to the digitization
25 of the Cornell library's newspaper archive and the effect of the discovery rule in tolling statutes of
26 limitations in defamation cases. While Cornell does not seek an enhancement of fees based on the
27 complexity of its anti-SLAPP motion, such complexity more than justifies the time that
28 Proskauer's attorneys spent advocating on behalf of their client and indicates that Cornell's fee

1  request is reasonable. *See Premier Medical*, 163 Cal. App. at 558 (noting, in anti-SLAPP case,
2  that the lodestar figure "may be adjusted by the court based on factors including . . . (1) the
3  novelty and difficulty of the questions involved . . . .").
4      For the foregoing reasons, Cornell respectfully requests that the Court award to Cornell,
5  and tax against Plaintiff, its attorneys' fees in the amount of $65,561.25.

8  DATED: July 2, 2008

NELSON E. ROTH
CORNELL UNIVERSITY

BERT H. DEIXLER
CLIFFORD S. DAVIDSON
PROSKAUER ROSE LLP

/s/ -- Clifford S. Davidson
        Clifford S. Davidson

Attorneys for Defendant,
CORNELL UNIVERSITY