1  NELSON E. ROTH, SBN 67350
       ner3@cornell.edu
2  CORNELL UNIVERSITY
   300 CCC Building
3  Garden Avenue
   Ithaca, New York 14853-2601
4  Telephone:   (607)255-5124
   Facsimile:   (607)255-2794
5
   BERT H. DEIXLER, SBN 70614
6      bdeixler@proskauer.com
   CLIFFORD S. DAVIDSON, SBN 246119
7      cdavidson@proskauer.com
   PROSKAUER ROSE LLP
8  2049 Century Park East, 32nd Floor
   Los Angeles, CA 90067-3206
9  Telephone:   (310) 557-2900
   Facsimile:   (310) 557-2193
10

11                UNITED STATES DISTRICT COURT

12                SOUTHERN DISTRICT OF CALIFORNIA

13  KEVIN VANGINDEREN,              )  Case No. 07-CV-2045 BTM(JMA)
                                    )
14              Plaintiff,          )  Hon. Barry T. Moskowitz
                                    )
15        v.                        )  **DECLARATION OF CLIFFORD S.
                                    )  DAVIDSON IN SUPPORT OF
16  CORNELL UNIVERSITY,             )  CORNELL'S MOTION FOR
                                    )  ATTORNEYS' FEES**
17              Defendant.          )
                                    )  [Per chambers, no oral argument unless
18                                  )  requested by the Court]
                                    )
19                                  )  [Notice of Motion and Motion and Deixler
                                    )  Declaration filed concurrently herewith]
20                                  )
                                    )  Hearing Date: August 22, 2008
21                                  )  Time:         11:00 a.m.
                                    )  Place:        Courtroom 15
22                                  )
                                    )  Action Filed: October 1, 2007
23                                  )

# DECLARATION OF CLIFFORD S. DAVIDSON

I, Clifford S. Davidson, declare as follows:

1. I am an associate at Proskauer Rose LLP ("Proskauer"), counsel of record for defendant Cornell University ("Cornell"). I am admitted to practice before this Court. The facts stated herein are personally known to me and I could and would testify competently thereto if called upon as a witness.

2. I was primarily responsible for the drafting and research performed in connection with Cornell's Special Motion to Strike Plaintiff's Complaint Pursuant to Section 425.16 of the California Code of Civil Procedure, which Cornell filed on November 2, 2007 (the "Anti-SLAPP Motion").

3. Attached collectively hereto as Exhibit A are true and correct copies of the bills Proskauer submitted for payment to Cornell for work performed from October 3, 2007 to December 28, 2007. The bills contained in Exhibit A reflect the time entries inputted by Proskauer attorneys and legal assistants into the DTE billing system on a daily basis reflecting the hours spent on this matter and a description of the work those attorneys and legal assistants performed. I redacted and annotated Exhibit A so that it reflects only time spent on activities directly related to the Anti-SLAPP Motion. For example, I have redacted, subtracted and interlineated entries related to removal of Plaintiff's complaint to this Court, as such activity arguably is not related to the Anti-SLAPP Motion. The time entries I removed and redacted from Exhibit A resulted in a reduction of $6,912.50 from the amount billed to Cornell.

4. Attached hereto as Exhibit B is a chart reflecting the hours worked per month on the Anti-SLAPP Motion from October 3, 2007 to June 2, 2008 and the total fees related to the Anti-SLAPP Motion incurred in each of those months.

5. Attached hereto as Exhibit C is a chart summarizing the hours I worked preparing and filing the Bill of Costs and Cornell's Motion for Attorneys' Fees. Those hours have not yet been submitted to Cornell for payment and therefore are not reflected in Exhibit A. I compiled Exhibit C based on the raw DTE entries I have made since June 3, 2008. I will provide to the

1 | Court the bills submitted to Cornell regarding the Bill of Costs and the Motion for Attorneys' Fees
2 | once such bills become available.

3 |     6.    Exhibit A refers to the following Proskauer attorneys, in addition to myself: Bert H. Deixler, Charles S. Sims, Lary Alan Rappaport and Joseph K. Wright. Exhibit A also refers to Proskauer legal assistant Ivania Munguia. As discussed in the concurrently filed Declaration of Bert H. Deixler, all attorneys billed Cornell at the rate of $350 per hour, and Ms. Munguia billed at the rate of $95 per hour.

    7.    Cornell does not seek attorneys' fees associated with time spent by Cornell Deputy General Counsel Nelson E. Roth or other attorneys in that office.

    8.    On October 1, 2007, Plaintiff filed his Complaint. On October 3, 2007, Mr. Deixler, Mr. Sims, Mr. Rappaport and I began researching and discussing the legal issues raised in the Complaint. We immediately recognized that the Complaint was a SLAPP suit, therefore even our earliest work in this matter related to the anti-SLAPP motion. Exhibit A reflects approximately 95 hours between October 3, 2007 and November 6, 2007, that Proskauer attorneys spent researching, drafting and filing the Anti-SLAPP Motion and supporting papers.

    9.    Because Plaintiff refused to stipulate to the unsealing of his New York criminal records, Cornell was forced to apply for an Order to Show Cause why those records should not be unsealed. Proskauer attorneys advised Cornell and reviewed relevant pleadings relating to the New York proceeding, and Proskauer attorneys reviewed the unsealed records once they became available. Exhibit A reflects approximately 4 hours of work related to the OSC and review of the unsealed records.

    10.   On November 26, 2007, Plaintiff served and filed his Opposition to the Anti-SLAPP Motion. In response, Proskauer attorneys prepared a Reply Memorandum of Points and Authorities and Evidentiary Objections, which were filed on December 14, 2007. Exhibit A reflects approximately 69.25 hours of work related to review of the Opposition, preparation of the Reply, preparation of the Evidentiary Objections and review of the additional unsealed records from the New York court.

11. On December 20, 2007, Plaintiff filed a surreply, which the Court accepted *nunc pro tunc*. On December 27, the California Supreme Court entered its opinion in *Hebrew Academy of San Francisco v. Goldman*, a decision which I believed had important implications for the Anti-SLAPP Motion. Exhibit A reflects approximately 1.75 hours of work related to review of the *Hebrew Academy* decision and preparation and filing of a Notice advising the Court of that decision.

12. Pursuant to the Court's June 3, 2008 Order Granting Special Motion to Strike (the "Order"), I prepared and filed Cornell's Bill of Costs. Exhibit C reflects the 9.75 hours – at $350 per hour – I spent reviewing the Order, filing and serving a Notice to Plaintiff of Judgment and preparing the Bill of Costs. Proskauer will charge Cornell approximately $3,412.50 for the time I spent in connection with these tasks.

13. Also Pursuant to the Order, I prepared Cornell's Motion for Attorneys' fees. Exhibit C reflects the 6 hours – at $350 per hour – I spent preparing the Motion for Attorneys' fees. Proskauer will charge Cornell approximately $2,100 for the time I spent preparing the Motion for Attorneys' Fees.

14. Based on the amounts reflected in Exhibit A and Exhibit C, and summarized in Exhibit B, I determined that Cornell's attorney fees related to the Anti-SLAPP motion total $65,561.25. Cornell seeks an award of that amount.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of July, 2008, in Los Angeles, California.

_____
Clifford S. Davidson