1   NELSON E. ROTH, SBN 67350
          ner3@cornell.edu
2   CORNELL UNIVERSITY
    300 CCC Building
3   Garden Avenue
    Ithaca, New York 14853-2601
4   Telephone:    (607)255-5124
    Facsimile:    (607)255-2794
5
    BERT H. DEIXLER, SBN 70614
6         bdeixler@proskauer.com
    CLIFFORD S. DAVIDSON, SBN 246119
7         cdavidson@proskauer.com
    PROSKAUER ROSE LLP
8   2049 Century Park East, 32nd Floor
    Los Angeles, CA  90067-3206
9   Telephone:    (310) 557-2900
    Facsimile:    (310) 557-2193
10
    Attorneys for Defendant,
11  CORNELL UNIVERSITY

12
                    UNITED STATES DISTRICT COURT
13
                  SOUTHERN DISTRICT OF CALIFORNIA
14

15  KEVIN VANGINDEREN,                  ) Case No. 07-CV-2045 BTM(JMA)
                                        )
16              Plaintiff,              )
                                        )
17         v.                           ) **REPLY MEMORANDUM OF POINTS**
                                        ) **AND AUTHORITIES IN FURTHER**
                                        ) **SUPPORT OF CORNELL'S MOTION**
18  CORNELL UNIVERSITY,                 ) **FOR ATTORNEYS' FEES**
                                        )
19              Defendant.              )
                                        ) [Per chambers, no oral argument unless
20                                      ) requested by the Court]
                                        )
21                                      ) Hearing Date:  August 22, 2008
                                        ) Time:              11:00 a.m.
22                                      ) Place:             Courtroom 15
                                        )
23                                      ) Action Filed: October 1, 2007
                                        )
24  ────────────────────────────────────)

25        The essence of Plaintiff's opposition is that his lawsuit was so futile, Cornell should have

26  spent no more than a week's worth of attorney time defeating it.  *See* Opp. at 3:8-3:19.

27  Accordingly, Plaintiff requests that the Court deny Cornell its attorneys' fees altogether or award

28

1  fees equal to "one week's salary of Defendant Attorney Nelson Roth." Opp. at 4. These requests

2  are baseless.[1] Cornell should receive the full amount of requested fees.

3  **A.    Cornell Is Entitled to Attorneys' Fees**

4      An award of attorneys' fees in this case is mandatory: "In any [SLAPP suit], a prevailing

5  defendant on a special motion to strike ***shall*** be entitled to recover his or her attorney's fees and

6  costs." Cal. Code Civ. Pro. § 425.16(c) (emphasis added); *Premier Med. Mgmt. Sys., Inc.  v.*

7  *California Ins. Guar. Ass'n*, 163 Cal. App. 4th 550, 556 (2008) ("A defendant who brings a

8  successful motion to strike under section 425.16 is entitled to mandatory attorney fees.")  Cornell

9  therefore unquestionably is entitled to its attorneys' fees.

10  **B.    Cornell's Requested Fees Reflect Time Reasonably Spent, Therefore the Entire Fee**

11      **Request Should Be Granted**

12      Cornell is entitled to a fee award for "*all* the hours *reasonably spent*, including those

13  relating solely to the fee." *Premier*, 163 Cal. App. 4th at 556 (emphasis in original). In *Premier*,

14  which involved multiple defendants prevailing on anti-SLAPP motions, the California Court of

15  Appeal affirmed the trial court's award of fees to each defendant in amounts of $165,000

16  (representing 217 hours of work), $76,206 (representing 127.9 hours of work) and $33,295. The

17  court rejected appellants' arguments that the number of hours worked was excessive, even in light

18  of significant overlap in the work of defendants' respective counsel. *Id.* at 560-563. The 166.25

19  hours for which Cornell seeks attorneys' fees is less than the time spent in *Premier*, and Cornell's

20  attorneys are entitled to deference regarding the manner in which they allocated their time and the

21  arguments they pursued. *See Moreno v. City of Sacramento*, No. 06-15021, 2008 WL 2875300,

22  *2 (9th Cir. July 28, 2008) ("By and large, the court should defer to the winning lawyer's

23

24  [1] Plaintiff's claim that his filing of a notice of appeal deprives this Court of jurisdiction to consider

25  Cornell's motion for attorneys' fees similarly lacks merit. *See, e.g., Culinary & Service*

26  *Employees Union, Local 555 v. Hawaii Employee Ben. Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir.

27  1982) (noting, without objection, that district court awarded attorneys' fees after notice of appeal

28  filed).

1  professional judgment as to how much time he was required to spend on the case; after all, he

2  won, and might not have, had he been more of a slacker.").

3        Further, Plaintiff presents no evidence to support his request that the Court reduce

4  Cornell's fees award – a showing he is required to make.  *See Premier*, 163 Cal. App. 4th at 560.

5  He disputes neither Cornell's lodestar calculation, nor Proskauer's rates, nor any particular time

6  entries or supporting documentation.  Rather, Plaintiff baldly asserts that Cornell should not

7  receive its fees for the time spent researching and briefing the issue of republication and the effects

8  of digitization on the statute of limitations.  *See* Opp. at 1-3.  Plaintiff argues that Cornell's

9  attorneys should not have been so "vigorous" in light of the frivolousness of Plaintiff's complaint.

10  Opp. at 1:21-2:12.  This argument is flawed for several reasons.  First, in its anti-SLAPP motion,

11  Cornell was entitled to brief vigorously every conceivable, non-frivolous defense against

12  Plaintiff's $1,000,000 lawsuit; issues it failed to address in the motion could not have been briefed

13  on reply or at hearing.  The fact that the Court did not reach the republication issue has no bearing

14  on Cornell's ability to recover for the work its lawyers reasonably performed in this regard.

15        Second, Plaintiff himself created the need for Cornell's briefing of the statute of limitations

16  issue.  As noted in the November 2, 2007 Declaration of Valerie Cross Dorn (Dkt. # 8-3), Plaintiff

17  refused to stipulate to the unsealing of his criminal records.  Dorn Decl. ¶ 6.  Had Plaintiff so

18  stipulated, perhaps Cornell would have seen the patent frivolity of Plaintiff's complaint and would

19  not have briefed the novel republication issue.  However, because Cornell did not see those

20  records until mid-November, well after the deadline for responding to Plaintiff's complaint,

21  Cornell had no choice but to brief the republication issue.  Cornell therefore should recover its

22  fees.

23        Finally, the Court should decline Plaintiff's invitation to reduce Cornell's fee award to one

24  week of Mr. Roth's salary.  As the Ninth Circuit recently explained,

25
26
27
28

> The district court's inquiry must be limited to determining whether
> the fees requested by this particular legal team are justified for the
> particular work performed and the results achieved in this particular
> case. The court may permissibly look to the hourly rates charged by
> comparable attorneys for similar work, but may not attempt to
> impose its own judgment regarding the best way to operate a law

1    firm, nor to determine if different staffing decisions might have led
     to different fee requests.

2

3   *Moreno*, 2008 WL 2875300, at \*5.  Rather, Cornell is entitled to a full award of its

4   attorneys' fees.

**C.    Cornell Is Entitled to the Fees Associated with Bringing this Motion**

5

6        Cornell is entitled to fees associated with bringing the Motion and drafting this reply.

7   *Premier*, 163 Cal. App. 4th at 556 (noting that anti-SLAPP statute entitles prevailing defendants to

8   award of all fees, including fees associated with a fees motion).  Plaintiff therefore respectfully

9   requests that the Court award four additional hours at $350 per hour, for a total of $1,400

10  associated with drafting this Reply.  *See* concurrently filed Declaration of Clifford S. Davidson ¶

11  2.

**D.    Conclusion**

12

13       For the foregoing reasons, Cornell requests that the Court grant to Cornell attorneys' fees

14  in the amount of $66,965.25.

15

16  DATED: July 31, 2008                          NELSON E. ROTH
                                                   CORNELL UNIVERSITY
17
                                                   BERT H. DEIXLER
18                                                 CLIFFORD S. DAVIDSON
                                                   PROSKAUER ROSE LLP
19

20                                                 /s/ -- Clifford S. Davidson
                                                            Clifford S. Davidson
21

22                                                 Attorneys for Defendant,
                                                   CORNELL UNIVERSITY
23

24

25

26

27

28