# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VANGINDEREN,<br><br>                Plaintiff,<br>vs.<br><br>CORNELL UNIVERSITY,<br><br>                Defendant. | CASE NO. 07cv2045 BTM(JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES** |

Defendant Cornell University ("Defendant" or "Cornell") has filed a motion for attorney's fees. For the reasons discussed below, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

On October 1, 2007, Plaintiff commenced this action in state court. Plaintiff asserted claims of libel and public disclosure of private facts against Cornell. The claims arose out of a 1983 Cornell Chronicle article that referenced a criminal charge against Plaintiff. The article was subsequently digitized by the Cornell University Library and stored in eCommons, an online archive.

On October 29, 2007, Cornell removed the action to this Court. Cornell subsequently brought a special motion to strike ("anti-SLAPP motion") pursuant to Cal. Civ. Proc. Code § 425.16. In an order filed on June 3, 2008, the Court granted Cornell's anti-SLAPP motion

Dockets.Justia.com

and dismissed the Complaint with prejudice. The Court ordered that any motion by Cornell for attorney's fees be brought within 30 days.

## II. DISCUSSION

As the prevailing party on its special motion to strike, Cornell is entitled to reasonable attorney's fees and costs. Cal. Civ. Proc. Code § 425.16(c). Cornell seeks recovery of a total of $66,961.25 in fees.

As a preliminary matter, the Court rejects Plaintiff's suggestion that Cornell's motion for attorney's fees is improper due to the appeal pending before the Ninth Circuit Court of Appeals. An award of attorney's fees is a collateral matter over which a district court retains jurisdiction even when a notice of appeal has been filed. In re Elias, 188 F.3d 1160, 1164 (9th Cir. 1999).

Turning to the substance of Cornell's motion, the amount of the prevailing party's reasonable attorney's fees is calculated by utilizing the lodestar method. Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008). To calculate the "lodestar," the court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). There is a strong presumption that the lodestar figure represents a reasonable fee. Harris v Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994).

However, courts may adjust the lodestar figure upward or downward based upon the following factors enunciated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975): (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

"Among the subsumed factors presumably taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are: (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation (4) the results obtained and (5) the contingent nature of the fee agreement." Morales, 96 F.3d at 364 n. 9.

Cornell's attorneys' hourly rate is $350 per hour. Cornell has established that this blended rate for partners and associates is reasonable. The Court also finds that the hourly paralegal rate of $95 per hour is reasonable.

Cornell seeks recovery for 191.25 attorney hours and .25 paralegal hours.[1] Plaintiff contends that the number of hours sought by Cornell is excessive. According to Plaintiff, Nelson Roth, an attorney in Cornell's Office of General Counsel, could have handled the case with just a single week's worth of effort. Plaintiff argues that since the Court's order granting the anti-SLAPP motion was based on the unsealed County Court records and the truthfulness of the statements made in the Cornell Chronicle article, Cornell should not be compensated for the substantial amount of time its attorneys spent on the issue of whether the digitization of the article and storage of the article on eCommons constitutes a republication.

Although the Court did not ultimately reach the republication issue, it was proper for Cornell's attorneys to raise the argument. Therefore, the Court will allow compensation for the time spent researching and briefing the issue.

However, the Court finds that the number of hours requested is excessive. As a preliminary matter, the Court notes that Cal Civ. Proc. Code § 425.16(c) does not apply to the entire action, but, rather, the motion to strike only. S.B. Beach Properties v. Berti, 39 Cal.

---

[1] Cornell's papers state that Cornell incurred 150.50 hours in attorney's fees in connection with bringing the anti-SLAPP motion. However, Cornell is actually claiming 171.5 attorney hours and .25 paralegal hours in connection with this work. (Cornell's hour calculation (Ex. B to the Motion for Attorney's Fees) erroneously omits the December hours for Bert Deixler, Joseph Wright, and Ivania Munguia.) Cornell claims an additional 15.75 hours for preparation of the Bill of Costs and Motion for Attorney's Fees and 4 hours for preparation of the reply in support of the Motion for Attorney's Fees. Therefore, the total hours claimed by Cornell is 191.25 attorney hours and .25 paralegal hours.

4th 374, 384 (2006). Therefore, the Court limits its award to work performed in connection with the motion to strike. bill of costs, and motion for attorney's fees.

Cornell's attorneys billed approximately 79.75 hours for the preparation of the moving papers (not including research).[2] Upon review of the moving papers and supporting documentation, the Court concludes that 40 hours would have been sufficient to prepare the papers. In addition to these 40 hours, the Court will allow recovery of 10.75 hours for legal research in connection with the moving papers and 8.5 hours for analyzing and investigating the case (including conferences between the attorneys and communications with the client).

Cornell's attorneys billed approximately 48.25 hours for preparing the reply papers and Supplemental Request for Judicial Notice (not including research). The paralegal billed .25 hours. Upon reviewing the reply papers, the Court concludes that 25 attorney hours would have been sufficient to complete the task. Therefore, the Court awards 25 hours for the preparation and filing of the reply papers. The Court also awards 7.25 hours for analysis and investigation in connection with the reply and 12 hours for legal research.

In addition, the Court awards the 15.75 hours billed for preparation of the Bill of Costs and Motion for Attorney's Fees and the 4 hours billed for preparation of the reply in support of the Motion for Attorney's Fees.

In sum, the Court will allow recovery for 123.25 hours at the rate of $350 per hour and .25 paralegal hours at the rate of $95 per hour. No upward or downward adjustment of the lodestar figure is warranted. Therefore, the total amount of the attorney's fee award is $43,161.25.

### III. CONCLUSION

For the reasons discussed above, Cornell's motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**. The Court awards attorney's fees in the amount of $43,161.25. The Clerk shall enter judgment accordingly. However, the Court **STAYS**

---

[2] Some of the individual time entries include multiple tasks without specifying what portion of the billed time can be allocated to the various tasks. Therefore, the actual time spent preparing the moving papers and reply papers is a little less than the time noted above.

enforcement of the judgment pending the appeal of this case.

**IT IS SO ORDERED.**

DATED: December 31, 2008

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge