NELSON E. ROTH, SBN 67350
    ner3@corncll.edu
CORNELL UNIVERSITY
300 CCC Building
Garden Avenue
Ithaca, New York 14853-2601
Telephone: (607)255-5124
Facsimile: (607)255-2794

BERT H. DEIXLER, SBN 70614
    bdeixler@proskauer.com
CLIFFORD S. DAVIDSON, SBN 246119
    cdavidson@proskaucr.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: (310)557-2900
Facsimile: (310)557-2193

Attorneys for Defendant,
CORNELL UNIVERSITY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VANGINDEREN,<br><br>                    Plaintiff,<br>v.<br><br>CORNELL UNIVERSITY and,<br>BERT DEIXLER<br>                    Defendant. | Case No. 08-CV-00736 BTM(JMA)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF CORNELL'S MOTION FOR ATTORNEYS' FEES**<br><br>[Per chambers, no oral argument unless requested by the Court]<br><br>Hearing Date: March 13, 2009<br>Time: 11:00 a.m.<br>Place: Courtroom 15<br>Action Filed: April 8, 2008 |

Cornell University and Bert Deixler successfully moved to strike plaintiff's complaint in this lawsuit and, in accordance with the Order of this Court and applicable law, have made an application for an award of reasonable attorneys' fees. Having brought a $10,000,000 lawsuit, plaintiff now has the temerity to oppose the motion not only on the basis of his own gratuitous

1

assessment of how defendants should have handled the defense but with an assault on the Court's decision. Thus, plaintiff opines on which attorneys he believes defendants should have used to defend the lawsuit and how much time they should have devoted to the defense. *See* Opp. at 1:17-2:7. And he asserts further that this Court erred in its decision granting defendants' motion to strike and that the Court's consideration of defendants' application for the statutorily mandated attorneys' fees would be "abhorrent." *See* Opp. at 2:8-2:20. Had plaintiff wished to avoid the consequences of his judicial forays, he has had numerous opportunities to do so both in this litigation and his prior litigation, which was also dismissed. Having made the decision to pursue his claims with full knowledge of the likely consequences, he should not now be heard to claim that the Court's adherence to established legal principles is "astonishing." *See* Opp. at 2:18-2:20. His arguments are meritless, contrary to the law, and should be disregarded.[1]

### A. Defendants are Entitled to Attorneys' Fees

An award of attorneys' fees in this case is mandatory: "In any [SLAPP suit], a prevailing defendant on a special motion to strike *shall* be entitled to recover his or her attorney's fees and costs." Cal. Code Civ. Pro. § 425.16(c) (emphasis added); *Premier Med. Mgmt. Sys., Inc. v. California Ins. Guar. Ass'n*, 163 Cal. App. 4th 550, 556 (2008) ("A defendant who brings a successful motion to strike under section 425.16 is entitled to mandatory attorney fees."). There is no doubt that defendants are legally entitled to their attorneys' fees.

### B. Defendants' Requested Fees Reflect Time Reasonably Spent. Therefore the Entire Fee Request Should Be Granted

A fee award should include "all the hours *reasonably spent*, including those relating solely to the fee." *Premier*, 163 Cal. App. 4th at 556 (emphasis in original). In *Premier*,

---

[1] Plaintiff's insinuation that his filing of a notice of appeal deprives this Court of jurisdiction to consider defendants' motion for attorneys' fees, *See* Opp. at 1:18-1:20, similarly lacks merit. *See, e.g., Culinary & Service Employees Union, Local 555 v. Hawaii Employee Ben. Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982) (noting, without objection, that district court awarded attorneys' fees after notice of appeal filed).

2

which involved multiple defendants prevailing on anti-SLAPP motions, the California Court of Appeal affirmed the trial court's award of fees to each defendant in amounts of $165,000 (representing 217 hours of work), $576,206 (representing 127.9 hours of work) and $33,295. The court rejected appellants' arguments that the number of hours worked was excessive, even in light of significant overlap in the work of defendants' respective counsel. *Id.* at 560-563. The 166.25 hours for which defendants seek attorneys' fees in the case at bar is less than the time spent in *Premier*, and defendants' attorneys are entitled to deference regarding the manner in which they allocated their time and the arguments they pursued. *See Moreno v. City of Sacramento*, No. 06-15021, 2008 WL 2875300, *2 (9th Cir. July 28, 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

Further, plaintiff presents no evidence to support his request that the Court reduce Defendants' fees - a showing he is required to make to justify any reduction. *See Premier*, 163 Cal. App. 4th at 560. He disputes neither defendants' lodestar calculation, nor Proskauer's rates, and makes no substantive objection to any particular time entries or supporting documentation. Plaintiff's assertions wholly ignore the fact that defendants were entitled to brief vigorously every conceivable, non-frivolous defense against plaintiff's $10,000,000 lawsuit because issues omitted from defendants' motion could not have been briefed on reply or at hearing and could not be raised in the appeal to the Ninth Circuit which plaintiff has now filed.

Finally, the Court should decline Plaintiffs invitation to reduce the fee award to one week of Mr. Roth's salary. As the Ninth Circuit recently explained,

> The district court's inquiry must be limited to determining whether the fees requested by this particular legal team are justified for the particular work performed and the results achieved in this particular case. The court may permissibly look to the hourly rates charged by comparable attorneys for similar work, but may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests.

*Moreno*, 2008 WL 2875300, at *5. Based on these principles, defendants are entitled to a full

award of their attorneys' fees.

C.  **Conclusion**

For the foregoing reasons, defendants respectfully request that the Court grant defendants' attorneys' fees in the amount of $38,380.

DATED:     February 9, 2009          NELSON E. ROTH
                                     CORNELL UNIVERSITY

                                     BERT H. DEIXLER
                                     CLIFFORD S. DAVIDSON
                                     PROSKAUER ROSE LLP

                                     _____
                                     Nelson E. Roth
                                     Attorneys for Defendant,
                                     CORNELL UNIVERSITY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

KEVIN VANGINDEREN,

                Plaintiff,

v.

CORNELL UNIVERSITY et al.,

                Defendants.

Index No. 3:08-CV-00736 W-JMA

**CERTIFICATION OF SERVICE BY CM/ECF & U.S. MAIL**

NELSON E. ROTH, does hereby declare, under penalty of perjury, that I electronically filed the foregoing Reply Memorandum of Points and Authorities in Further Support of Cornell's Motion for Attorney's Fees with the Clerk of the District Court using the CM/ECF system, and that a copy was sent by United States mail to:

Mr. Kevin Vanginderen
637 3rd Avenue, Suite E-1
Chula Vista, CA 91910

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on February 9, 2009.

_____
NELSON E. ROTH (SBN 67350)